UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DOMINICK BARNETT**      **CIVIL ACTION NO. 22-2296**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**DOUGLAS BUSARI**      **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Plaintiff Dominick Barnett, a prisoner at Richland Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately July 27, 2022, under 42 U.S.C. § 1983. He names Attorney Douglas Busari as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that his criminal defense counsel, Defendant Douglas Busari, rendered ineffective assistance of counsel by failing to visit him in jail more than once. [doc. # 1, p. 3]. Plaintiff refers the Court to an apparent copy of a letter he addressed to the Louisiana Attorney Disciplinary Board, in which he alleges that Busari: (1) failed to visit him more than once "in private at reasonable hours"; (2) failed to "follow up on" motions; (3) failed to file Plaintiff's alleged victim's affidavit, which the alleged victim wrote "in [Plaintiff's] favor"; (4) failed to show any interest in Plaintiff's "case after receiving a payment of $12,500"; (5) failed to reduce Plaintiff's bail; and (6) failed to comply with the "standards of the Louisiana Attorney Disciplinary Board." [doc. # 3].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

For relief, Plaintiff seeks a refund of the money his family paid to retain Attorney Busari. [doc. #s 1, p. 4; 3, p. 1].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. State Action**

As above, to state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983.

A "lawyer who may be responsible for [] unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, n.6 (1983). "[A Section] 1983 action against retained counsel for acts or omissions in a criminal trial must fail for lack of state action." *U. S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (*citing Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972) ("Our statement . . . that . . . [§ 1983] was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys is all the more applicable to suits against one's former privately retained counsel."); *see Abeyta v. Correa*, 37 F.3d 629 (5th Cir. 1994) ("As Abeyta's retained counsel, Correa was not acting under color of state law and the complaint was properly dismissed as frivolous.").[3]

---

[3] *See also Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) ("As Russell's retained counsel, Pinckney was not acting under color of state law, an essential for a § 1983 suit."); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

Here, Defendant Busari did not act under color of state law. Accordingly, the Court should dismiss Plaintiff's claims.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Dominick Barnett's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 14th day of September, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge